

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-1996

# Re Ernest R. Lilley v.

Precedential or Non-Precedential:

Docket 95-1782

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Re Ernest R. Lilley v." (1996). *1996 Decisions.* Paper 136.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/136

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 95-1782
_____


IN RE: ERNEST R. LILLEY, JR.,

            Debtor


        Ernest R. Lilley, Jr.,

            Appellant

_____


On Appeal from the United States District Court
   for the Eastern District of Pennsylvania

        (D.C. 95-CV-03573)
_____


        Argued May 20, 1996

    BEFORE: SLOVITER, Chief Judge,
   SAROKIN AND ROSENN, Circuit Judges
_____

    (Opinion filed July 31, 1996)


                    John R. Crayton (ARGUED)
                    Crayton & Belknap
                    4214 Hulmeville Road
                    Bensalem, PA 19020

                        Attorney for Appellant

                    Loretta C. Argrett
                    Assistant Attorney General

                    Gary R. Allen
                    Robert W. Metzler
                    David English Carmack
                    Annette M. Wietecha (ARGUED)
                    Attorneys
                    Tax Division
                    Department of Justice
                    Post Office Box 502
                    Washington, D.C. 20044

SAROKIN, Circuit Judge:
     This case raises the question of what constitutes "cause"
for the purpose of dismissing a petition under Chapter 13 of the
Federal Bankruptcy Code.  The appellant, Ernest R. Lilley, Jr.,
filed a petition under Chapter 13 of the Federal Bankruptcy Act,
11 U.S.C.   1 et seq., to discharge a debt incurred as a result
of his willful failure to pay personal income taxes over a period
of several years.  The Internal Revenue Service filed a motion to
dismiss the petition on the ground that Mr. Lilley's prepetition
conduct was cause for dismissal under the statute.  The
bankruptcy court rejected the agency's argument, but on appeal
the district court reversed, granting the motion to dismiss for
cause.
     Mr. Lilley now appeals the district court's holding.

                    I. Facts and procedural posture

     The unusual chain of events that led to the instant case
goes back a quarter of a century.  In 1970, Ernest R. Lilley, Jr.
formed Mintmaster, Inc., a corporation which minted and sold
gold, silver and bronze medallions and jewelry.  In January 1971,
the United States Secret Service seized the assets of Mr.
Lilley's business in the mistaken belief that Mr. Lilley was
unlawfully engaged in counterfeiting activities.  After several
months, the Secret Service determined that Mr. Lilley, in fact,
had not engaged in any unlawful activity, and returned his assets
to him.  Shortly thereafter, however, Mr. Lilley's business
deteriorated and ultimately failed, a loss that Mr. Lilley
attributed to the seizure of his assets.
     Mr. Lilley was unable to obtain monetary redress from the
Secret Service for the loss which he believed it had caused.  He
turned to self-help instead and, as he describes it, "decided to
recoup his losses by refusing to pay his future federal income
taxes."  Appellant's Brief at 3.  He secured employment as a
night watchman in 1974, and became director of security for a
shopping mall in 1977.  In both positions, he filed federal tax
withholding forms on which he falsely claimed that he was exempt
from withholding, as a result of which no federal income tax
money was withheld from his wages -- though he did allow state
income taxes and FICA taxes to be withheld.  By 1980 he had
become public relations and marketing manager for the mall and
started his own business.
     In 1983, Mr. Lilley was convicted in federal court of
willful failure to file tax returns for 1976 through 1979, and
served a one-year prison sentence.  As part of his probation, he
was required to file his delinquent tax returns for 1974 through
1984, but he did not do so until September 1985, when he was
faced with a violation of his probation.  By that point, he had
amassed $178,000 in federal delinquent tax debt and additions.
Mr. Lilley eventually filed a petition with the United States Tax

Court arguing that his failure to file income tax returns was due to both mental illness and, for the years 1980 to 1984, advice of counsel. The court denied the petition on the ground that Mr. Lilley had acted with willful neglect, not reasonable cause, in failing to file his returns from 1980 to 1984, and that he had acted negligently with intentional disregard of IRS rules and regulations so as to warrant imposition of additions to taxes owed from 1974 through 1984.

On April 17, 1992, Mr. Lilley filed a Chapter 7 bankruptcy petition in the United States District Court for the Eastern District of Pennsylvania seeking discharge of his tax debt, and identifying the IRS as his only creditor. A year later, and after numerous legal maneuvers, the bankruptcy court found that Mr. Lilley had willfully attempted to evade or defeat his tax obligation and that 11 U.S.C. 523(a)(1)(C) precluded discharge of the debt. In re Lilley, 152 B.R. 715 (Bankr. E.D. Pa. 1993).

Subsequent statutory developments opened new avenues for Mr. Lilley to seek discharge of his tax debt. Section 108(a) of the Bankruptcy Reform Act of 1994, Pub. L. 103-394, 108 Stat. 4104, amended 11 U.S.C. 109(e) to increase the unsecured debt limit in a Chapter 13 proceeding to $250,000 for cases filed after October 22, 1994. This change made Chapter 13 available to Mr. Lilley for the first time, and on November 21, 1994 he filed the instant petition seeking discharge of his federal income tax obligation.

At the time of his Chapter 13 bankruptcy filing, Mr. Lilley was 66 years old, in poor health and disabled. The schedules filed in this proceeding indicate that he had no real or personal property, that his sole creditor was the IRS, and that his sole income was monthly Social Security benefits of $904. He claimed, and the IRS did not dispute, that his monthly expenses amounted to $854. Mr. Lilley's plan proposed payments to the IRS of the balance -- or $50 per month -- for thirty-six months, for a total of $1800. The filings indicate total tax indebtedness to the IRS of $178,000. The IRS contends that "[m]ost of the proposed payments would be consumed by attorney's fees, with the IRS receiving very little on its claim." Appellee's Brief at 8.

The IRS filed a motion to dismiss Mr. Lilley's petition on the ground that it was filed in bad faith in violation of 11 U.S.C. 1307(c). The IRS also objected to confirmation of Mr. Lilley's plan, asserting that the plan "has not been proposed in good faith" in violation of 11 U.S.C. 1325(a)(3). Appendix at 39. In response, Mr. Lilley filed an adversary proceeding seeking a declaration that his indebtedness to the IRS for delinquent personal income taxes for the years 1976 through 1984, totalling $178,000, was neither a priority nor a secured debt and was totally dischargeable under 11 U.S.C. 1328(a). The IRS subsequently conceded that Mr. Lilley's tax indebtedness was not a priority debt and was not secured at the time of the Chapter 13 filing.

The bankruptcy court issued its opinion and order on May 3, 1995. In re Lilley, 181 B.R. 809 (Bankr. E.D. Pa. 1995) [hereinafter Lilley II]. First, the court denied the IRS's motion to dismiss on the ground that there is no good faith

filing requirement in Chapter 13 cases.  Id. at 811.  Second, the court denied the agency's objections to confirmation on the ground that Mr. Lilley was not in violation of the good faith or illegality requirement for plan confirmation found in 1325(a)(3).  Id. at 813.  The court concluded that "[t]he Debtor's plan will therefore be confirmed."  Id. at 814.

The IRS appealed the bankruptcy court's determination to the United States District Court for the Eastern District of Pennsylvania.  The district court reversed, holding that Mr. Lilley's attempt "to defraud the Government by intentionally evading payment of his federal income taxes constitutes cause for dismissal of his Chapter 13 bankruptcy petition pursuant to 11 U.S.C.  1307(c)."  In re Lilley, 185 B.R. 489, 494 (Dist. E.D. Pa. 1995) (mem.) [hereinafter Lilley III].  The court further held that "the bankruptcy court's finding of good faith [under 1325(a)(3)] is supported by the record and cannot be deemed clearly erroneous."  Id. at 495.

Mr. Lilley now appeals the district court's determination. He argues that the court erred when it considered his prepetition conduct under section 1307(c).  He further argues, in the alternative, that if the debtor's prepetition conduct is relevant to a dismissal for cause under section 1307(c), it is only one factor which should be considered by the bankruptcy court in examining the totality of the circumstances.

## II. Jurisdiction

The bankruptcy court issued an order disposing of Mr. Lilley's Chapter 13 petition and the IRS's various challenges to it on May 3, 1995.  The IRS filed an appeal of the court's order, over which the district court had jurisdiction pursuant to 28 U.S.C.  158(a).

The district court issued its final order in the case on August 22, 1995.  We have jurisdiction over Mr. Lilley's appeal from the district court's order pursuant to 28 U.S.C.  1291.

The issue presented on appeal is a question of law. Therefore, we exercise plenary review over the decision of the district court.  In re Cohn, 54 F.3d 1108, 1113 (3d Cir. 1995).

## III. The IRS's motion to dismiss

The district court, on appeal from the bankruptcy court order confirming Mr. Lilley's Chapter 13 plan, found that Mr. Lilley "attempted to defraud the Government by intentionally evading payment of his Federal income taxes and such action constitutes cause for dismissal of his Chapter 13 bankruptcy petition pursuant to 11 U.S.C.  1307(c)."  Lilley III, 185 B.R. at 494.  We conclude that tax fraud is not "cause" for dismissal of a Chapter 13 petition, and therefore that the district court erred in reversing the bankruptcy court.

Section 1307(c) states, inter alia:

> Except as provided in subsection (e) of this
> section, on request of a party in interest or the
> United States trustee after notice and a hearing, the

court . . . may dismiss a case under this chapter . . .
for cause, including--
    (1) unreasonable delay by the debtor that is
prejudicial to creditors;
    (2) nonpayment of any fees and charges
required under chapter 123 of title 28;
    (3) failure to file a plan timely under
section 1321 of this title;
    (4) failure to commence making timely
payments under section 1326 of this title;
    (5) denial of confirmation of a plan under
section 1325 of this title and denial of a request
made for additional time for filing another plan
or a modification of a plan;
    (6) material default by the debtor with
respect to a term of a confirmed plan;
    (7) revocation of the order of confirmation
under section 1330 of this title, and denial of
confirmation of a modified plan under section 1329
of this title;
    (8) termination of a confirmed plan by reason
of the occurrence of a condition specified in the
plan other than completion of payments under the
plan;
    (9) only on request of the United States
trustee, failure of the debtor to file, within
fifteen days, or such additional time as the court
may allow, after the filing of the petition
commencing such case, the information required by
paragraph (1) of section 521; or
    (10) only on request of the United States
trustee, failure to timely file the information
required by paragraph (2) of section 521.

11 U.S.C.   1307(c).

It is an established rule of construction for bankruptcy statutes that "'includes' and 'including' are not limiting." 11 U.S.C.   101(3). See, e.g., P.C. Pfeiffer Co. v. Ford, 444 U.S. 69, 77 n.7 (1979) (noting that "including" indicates that enumerated items are part of larger group). It is therefore beyond dispute that a court may consider matters other than those enumerated in section 1307(c) as grounds for dismissal of a Chapter 13 petition. What is very much in dispute, however, is whether pre-petition tax fraud is one of the matters on which a court may base dismissal of a petition.

Mr. Lilley argues that it is not, and that accordingly we should reverse the district court's decision. He first argues that tax liabilities which result from the debtor's attempt to defraud the government and from willful evasion are dischargeable under Chapter 13. A review of the statutory scheme supports Mr. Lilley's claim.

The Bankruptcy Code allows the discharge after completion of all payments due under a Chapter 13 plan
of all debts provided for by the plan or disallowed
under section 502 of this title, except any debt--

```
                        *  *  *  *  *
               (2) of the kind specified in paragraph (5) or
          (8) of section 523(a) or 523(a)(9) of this title;
          or
               (3) for restitution included in a sentence on
          the debtor's conviction of a crime.
```

11 U.S.C.   1328(a).  The language of this provision clearly indicates that the exceptions it contains are exclusive -- that is, that the courts are not to broaden the list of non-dischargeable debts in a Chapter 13 reorganization beyond those enumerated in section 1328(a).

Section 523(a)(1)(C), which is not among the enumerated exceptions contained in section 1328(a), refers to any debt "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax."  11 U.S.C.   523(a)(1)(C).

Section 1328(a) and 523(a)(1)(C), read together, demonstrate Congress's intent that tax-related debts of the sort at issue here be dischargeable under Chapter 13, a conclusion which the IRS does not dispute.  See Appellee's Brief at 18 ("Congress has provided that in order to get a fresh start, debtors may obtain a discharge of certain taxes even where they have willfully attempted to evade payment of those taxes in the past.").

The agency's concession suggests that Mr. Lilley's tax fraud history cannot constitute "cause" for dismissal of his Chapter 13 petition.  As he persuasively argues,

> If Mr. Lilley is entitled to a discharge of the tax liabilities created by his prepetition conduct upon the completion of his Chapter 13 plan payments, then that same prepetition conduct should not result in a dismissal of his Chapter 13 case.

Appellant's Brief at 10-11.

Predictably, the IRS rejects this conclusion and argues instead that

> [b]y providing for a discharge under these circumstances, however, Congress was not manifesting an intent to allow the bankruptcy laws to be used as part of debtor's grand scheme to evade the payment of his taxes in order to obtain compensation from the United States for the loss of his business where the law did not otherwise provide compensation for such loss.

Appellee's Brief at 18-19.

The government, however, offers no support for this proposition, other than one case from the Eleventh Circuit, In re Waldron, 785 F.2d 936 (11th Cir.) (per curiam), cert. dismissedsub nom. Waldron v. Shell Oil Co., 478 U.S. 1028 (1986), that is clearly distinguishable.  In the first place, Waldron involved not section 1307(c) but section 1325(a)(3), which articulates the good-faith test governing Chapter 13 plans.  Id. at 939.  More importantly, the court's ground for dismissal in that case was that the motivation behind the debtors' filing for Chapter 13 bankruptcy was not that for which the statute was intended.  "The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with

a fresh start."  In re Cohn, 54 F.3d 1108, 1113 (3d Cir. 1995).
In Waldron, however, the court concluded that

> [t]he Waldrons have no debts; they are financially
> secure. . . .  The Waldrons' plan was thus proposed in
> a bad faith attempt to use and abuse Chapter 13 for a
> greedy and unworthy purpose.  Congress could not have
> intended such a result in enacting Chapter 13.

In re Waldron, 785 F.2d at 940-41.

In contrast, Mr. Lilley has listed liabilities of $178,000 and no assets in his bankruptcy schedules.  Lilley III, 185 B.R. at 492 n.7.  Unlike the Waldrons, he is clearly "financially distressed and ha[s a] real need for the bankruptcy process."  In re Waldron, 785 F.2d at 939.  Therefore, we find that Waldron is of no bearing in the instant matter, and that the government's position is without any support.

While Mr. Lilley does not offer any caselaw in support of his argument either, his argument is persuasive, especially in light of the established principle of statutory construction that we "read the disputed provision in the context of the entire statute."  Matter of Roach, 824 F.2d 1370 (3d Cir. 1987); seealso U.S. v. Nordic Village, Inc., 503 U.S. 30, 36 (1992) ("a statute must, if possible, be construed in such fashion that every word has some operative effect").  The same normative considerations regarding tax fraud are involved at the dismissal and discharge stages.  It is therefore wholly implausible that Congress would hold that the type of conduct in which Mr. Lilley admittedly engaged is so egregious as to warrant dismissal of his petition, but benign enough that the debt incurred as a result of this conduct would be dischargeable if no effort to dismiss his petition were made.

Therefore, we conclude that the district court erred when it dismissed Mr. Lilley's petition based on his prepetition conduct.

In its brief, the IRS suggested in the alternative that if we were to reach the conclusion that we do reach today regarding Mr. Lilley's conduct on tax matters, we should remand "for a determination whether debtor's petition was filed in bad faith." Appellee's Brief at 28.  This argument calls upon us to address an issue of first impression in this court: whether Chapter 13 contains a good faith filing requirement.  The bankruptcy court concluded as a matter of law that Chapter 13 has no such requirement.  Lilley II, 181 B.R. at 811.  On appeal, the district court sidestepped the controversy, deciding the case on other grounds.  Lilley III, 185 B.R. at 493 n.10.

It is clear that Chapter 13 contains no explicit good faith requirement.  Section 1307(c) provides, however, that Chapter 13 petitions may be dismissed "for cause."  11 U.S.C.   1307(c). The Seventh, Ninth and Tenth Circuits have held that lack of good faith in filing is sufficient cause for dismissal under section 1307(c).  See In re Love, 957 F.2d 1350, 1354 (7th Cir. 1992); In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994); In re Gier, 986 F.2d 1326, 1329-30 (10th Cir. 1993).  We agree.

As the Seventh Circuit has noted, however, "good faith is a term incapable of precise definition."  In re Love, 957 F.2d at 1355.  As a result, we believe that "the good faith inquiry is a

fact intensive determination better left to the discretion of the bankruptcy court."  Id.  We therefore join the Seventh, Ninth and Tenth Circuits in holding that the good faith of Chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the circumstances.  In re Love, 957 F.2d at 1355; In re Eisen, 986 F.2d at 1329; In re Gier, 14 F.3d at 470.  Factors relevant to the totality of the circumstances inquiry may include, among others, the following:

> the nature of the debt . . . ; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

In re Love, 957 F.2d at 1357.  Accordingly, we will remand this matter to the district court with directions to remand to the bankruptcy court for a determination whether, in light of the totality of the circumstances, Mr. Lilley filed his Chapter 13 petition in good faith.

## IV. Conclusion

For the reasons stated above, we reverse the district court's holding regarding Mr. Lilley's prepetition conduct, and remand to the district court with directions to remand to the bankruptcy court to determine whether Mr. Lilley satisfied the good faith filing requirement of Chapter 13.