**In re Elsie L. HERNDON,
Chapter 13 Debtor.**

**Bankruptcy No. 97–30811–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Feb. 23, 1998.

Charles H. Krumbein, Krumbein & Associates, Richmond, VA, for Debtor.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing on objection to confirmation and on a motion to dismiss this chapter 13 case, both filed on behalf of Nelly L. Wrenn, Incapacitated, was held December 10, 1997. The court took both matters under advisement and allowed counsel to submit memoranda of law.

### Facts

This chapter 13 case was filed as a minimal document petition on February 5, 1997. The required lists, schedules and statements and a chapter 13 plan were timely filed following an extension on March 11, 1997. According to the plan, the debtor had a secured debt for a deed of trust on her residence, payments of which were not in arrears. Schedule F of the petition listed the following unsecured claims:

| Creditor | Amount |
|---|---|
| Sears & Roebuck | $ 50.00 |
| Banc One | 60.00 |
| Exxon | 860.00 |
| Nelly Wren [sic] | 1.00 |
| Kaestner & Pitney, P.C. | 6,000.00 |
| TOTAL: | $6,971.00 |

On March 18, 1997, counsel for Linda Diane Rose, guardian of Nelly L. Wrenn, Incapacitated, filed the following: (1) Motion to Dismiss or Convert Case, (2) Objection to Chapter 13 Plan and (3) Motion for examination under Bankruptcy Rule 2004. In summary, the motion to dismiss or convert and the plan objection were based upon the debtor's alleged bad faith filing. The assertion of bad faith was based upon allegations that debtor, prepetition, had stolen or embezzled from Nelly Wrenn the sum of "at least $173,-027.34 as of March 7, 1997," and had not disclosed the disposition of these funds.

Debtor's initial chapter 13 plan essentially made no provision for any sum owed to Nelly Wrenn (i.e., over the scheduled debt of $1.00).

On March 21, 1997, the chapter 13 trustee filed an objection to confirmation as not having been filed in good faith based upon a provision in the plan that debtor would con-

tinue to contribute monthly payments to a 401K account and extend the plan to 44 months.

On May 4, 1997, the court held hearing on the trustee's objection and sustained the objection. On May 20, the debtor filed a modified plan which cured the trustee's objection and reduced the plan payment period to 36 months. Although debtor's schedules were not amended to reflect additional debt, the modified plan states that debtor has $7,000.00 in unsecured priority debt and $146,970.00 in unsecured debt.[1] The plan proposes to pay $46.19 weekly for two months and then $127.02 weekly for 34 months. The plan states that unsecured creditors will be paid a dividend of at least 6%.

On June 2, 1997, counsel for Nelly Wrenn filed an objection to confirmation of debtor's modified plan.

After various discovery disputes and continuances, an evidentiary hearing on Nelly Wrenn's motion to dismiss or convert and objection to modified plan was held on December 10, 1997. The court then heard testimony from Richard Wallerstein, Jr., attorney for Wrenn in a state court law suit pending at the time debtor filed her chapter 13 petition and from the debtor.

Concerning this law suit the evidence at hearing revealed the following:

Richard Wallerstein, Jr., represented Wrenn in a state court law suit against debtor which was scheduled to begin trial on February 6, 1997. Debtor had been represented in this case by Kaestner & Pitney, but at the time of trial these attorneys had been allowed to withdraw.

At trial Wallerstein was prepared to prove that Wrenn was in her 90s, suffered from Alzheimer's Disease and was without the ability to understand financial transactions or to handle her personal affairs. Wallerstein served as Wrenn's guardian ad litem in the suit.

Wrenn's law suit was based upon debtor's alleged fraud of about $150,000.00 from years 1991–94. Debtor was a friend, bookkeeper and tax preparer for Wrenn, and she filled out checks which were then signed by Wrenn. There was evidence available to demonstrate that through various means, Wrenn's funds went to debtor and members of her family. Wallerstein was confident of Wrenn's case against debtor.

On February 5, 1997, the day before the scheduled trial, Wrenn's counsel and the state court judge were informed by debtor's counsel that debtor had filed a bankruptcy petition.

Debtor's bankruptcy statements or schedules do not reflect the pending law suit. Schedule F has not been amended to reflect the debtor's obligation to Wrenn (other than $1.00).

In this bankruptcy case, debtor has offered no explanation of her prepetition actions other than her attorney's statement that she denies any fraud or embezzlement allegations.

*Discussion And Conclusions Of Law*

Counsel for creditor Nelly L. Wrenn asks the court to convert or dismiss this chapter 13 case or alternatively to deny confirmation of debtor's modified plan. Both matters raise the issue of the debtor's good faith in filing this chapter 13 case and in proposing her plan.

Although Code § 1325(a) includes as a requirement for confirmation of a plan that "the plan has been proposed in good faith," there is no specific requirement in the chapter 13 Code provisions that a case be filed in good faith. Nevertheless, courts have applied a standard of good faith to chapter 13 case filings under § 1307(c) which authorizes the court to convert a chapter 13 case to a chapter 7 or to dismiss the case "in the best

---

1. The case file contains the following unsecured proofs of claim:

| Claimant | Amount |
| --- | --- |
| Kaestner, Pitney & Jones, P.C. | $ 6,125.56 |
| Monogram Credit Card Bank | 857.51 |
| Nelly L. Wrenn | 148,027.34 |
| Sears, Roebuck & Co. | 48.62 |
| **TOTAL** | **$155,059.03** |

Presumably, the $7,000.00 of unsecured priority debt reflected in debtor's plan represents an estimate of her attorney's charges in this case.

interests of creditors and the estate, for cause....." 11 U.S.C. § 1307(c).[2] *See, Kestell v. Kestell (In re Kestell)*, 99 F.3d 146, 148 (4th Cir.1996); *In re Lilley*, 91 F.3d 491, 496 (3d Cir.1996); *Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir.1994); *Gier v. Farmers State Bank (In re Gier)*, 986 F.2d 1326, 1329 (10th Cir.1993); *Matter of Love*, 957 F.2d 1350 (7th Cir.1992).

■ Thus courts have determined good faith under both § 1307(c) and § 1323(a) using a comparable "totality of circumstances test" for both sections. *Eisen v. Curry*, 14 F.3d at 470; *Matter of Love*, 957 F.2d at 1354. However, it has been suggested that the dismissal of a case should require a higher standard of proof of bad faith than the denial of confirmation of the debtor's chapter 13 plan. *Matter of Love*, 957 F.2d at 1357 (the burden of proof for dismissal rests with the movant).[3]

■ In the Fourth Circuit, factors to be considered under the totality of circumstances test for good faith in a chapter 13 case

include, but are not limited to, the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual

or exceptional problems facing the particular debtor.... The object of the inquiry is to determine whether or not, considering "all militating factors," there has been "an abuse of the provisions, purpose or spirit" of Chapter 13 in the proposal or plan....

*Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir.1986)(affirming a denial of confirmation under § 1323(a)).

■ Although there is a split in the circuits, our court of appeals in *Neufeld v. Freeman* adopted the rule of a majority of courts by including as a good faith factor the debtor's prepetition conduct and whether the objecting party's claim may possibly be nondischargeable in a chapter 7 case. The court stated:

We share the view of these courts that although the discharge of an obligation which would be nondischargeable in Chapter 7 is not, standing alone, a sufficient basis on which to find bad faith or deny confirmation, it is a relevant factor to be considered in the § 1325(a)(3) good faith inquiry. Resort to the more liberal discharge provisions of Chapter 13, though lawful in itself, may well signal an abuse of the provisions, purpose, or spirit of the Act, especially where a major portion of the claims sought to be discharged arises out of pre-petition fraud or other wrongful conduct and the debtor proposes only minimal repayment of these claims under the plan. Similarly, a Chapter 13 plan may be

---

**2.** (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1321 of this title;

(4) failure to commence making timely payments under section 1326 of this title;

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521; or

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521.

11 U.S.C. § 1307(c)

**3.** The burden of proof for good faith in plan confirmation rests with the debtor. *In re Harrison*, 203 B.R. 253, 255 (Bankr.E.D.Va.1996).

confirmed despite even the most egregious pre-filing conduct where other factors suggest that the plan nevertheless represents a good faith effort by the debtor to satisfy his creditors' claims.

.    .    .    .    .

Of course the issue of dischargeability in Chapter 7 need not, and cannot, be litigated to conclusion in every Chapter 13 confirmation proceeding. *Where significant claims involve conduct that would otherwise raise serious Chapter 7 dischargeability issues, however, the quality of that conduct is part of the "totality of circumstances" which must be weighed, with other factors, in assessing the debtor's good faith under Chapter 13.* (emphasis supplied)

.    .    .    .    .

794 F.2d at 152–153.[4]

 In the instant case, several factors weigh in favor of dismissal: (1) This case was filed literally on the eve of a state court law suit against debtor alleging that she had embezzled a substantial sum. (2) Preliminary evidence in this court suggests the claimant may have a meritorious claim, derived from embezzlement, and debtor has offered no explanation; if the claimant's assertions are established, the claim is not dischargeable in a chapter 7 case. (3) Other than attorney fees owed by debtor for representation in the state court action and her home mortgage (which is current), the only significant debt listed in debtor's bankruptcy petition is the embezzlement claim. This case is essentially a two party dispute. (4) The debtor's proposed 36 month chapter 13 plan will pay a relatively small six percent of

the embezzlement claim. Such a nominal payment on a potentially nondischargeable claim is evidence of bad faith. *See Neufeld v. Freeman*, 794 F.2d at 153; *In re Oliver*, 186 B.R. 403, 406 (Bankr.E.D.Va.1995).[5]

▇ In conclusion, I find that this case must be dismissed on grounds of bad faith. The "totality of circumstances" here reflect "an abuse of the ... spirit of chapter 13." *Neufeld v. Freeman*, 794 F.2d at 152.[6]

A separate order will be entered dismissing this case.[7]

---

4. For a recent opinion holding that the debtor's prepetition conduct or the dischargeability of the objecting creditor's claim are *not* factors to be considered, *see In re Lilley*, 91 F.3d at 495–496.

5. At trial debtor had not modified her plan to extend the payment period to the maximum 60 months. A 60 month plan would pay approximately 13 percent of the claim, still a minimal sum.

6. While the court recognizes that conversion of the case to a chapter 7 would give Nelly Wrenn an opportunity to challenge the dischargeability of her claim, dismissal is more appropriate than

conversion because this is in reality a two party dispute, and there is pending state court litigation. Although not requested in Wrenn's motion, the court has considered dismissing the case with prejudice but finds it unnecessary to do so. Until the state litigation is complete, any future bankruptcy filing by debtor will be suspect unless there has been a marked change of her circumstances.

7. In view of the dismissal, it is unnecessary for the court to rule on Wrenn's objection to confirmation.