**In re Jacquelyn BARR, Debtor.**

No. 01–12811KJC.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 22, 2001.

Stephen Lawrence Axelrod, Philadelphia, PA, for Debtor.

Edward Sparkman, Philadelphia, PA, trustee.

Frederic J. Baker, Sr., Philadelphia, PA, Assistant United States Trustee.

## MEMORANDUM

KEVIN J. CAREY, Bankruptcy Judge.[1]

This is the debtor's sixth bankruptcy filing,[2] which has drawn the Motion of GE Capital Mortgage Services, Inc. ("GE Capital") to Dismiss (the "Motion") this chapter 13 proceeding "with prejudice," due to, *inter alia*, a lack of the debtor's good faith in filing her bankruptcy case. For the reasons which follow, this case will be dismissed.

The debtor's schedules were admitted into evidence as Exhibit M–1 at the April 17, 2001 hearing on the Motion. Schedule "A" (real property) reflects but one item: real estate located at 5261 Marshall Street [Philadelphia, Pennsylvania] (the "Residence.")[3]. The Residence is valued by the debtor at $36,000, against which is listed a secured claim of $45,336. Schedule "D" (creditors holding secured claims) reflects only the debtor's mortgage obligation to GE Capital in the amount of $45,336 ($9,336 of which is designated as unsecured); GE Capital's claim in this bankruptcy is marked as "disputed." GE Capital has filed a claim in this bankruptcy in the amount of $45,335.99 (Exhibit M–3), reflecting payment arrearages dating back to February, 1999. The Schedules list no other liability to any other creditor. The debtor's personal property consists of "pocket change" of $10, a checking account with a balance of $800, household goods, furniture and "misc." valued at $3,000, and clothing valued at $200 in value (Schedule "B" from Exhibit M–1). All of the debtor's property is claimed as exempt (Schedule "C" from Exhibit M–1).[4]

As a threshold matter, GE Capital asserts that the instant bankruptcy filing is in violation of a January 4, 2001 Order entered upon consent of the parties in the 1999 bankruptcy (dismissed on the motion of the standing chapter 13 trustee) by Bankruptcy Judge Joseph Cosetti, which provides in its entirety as follows:

1) that our order dated November 9, 2000 is hereby amended and the above-captioned Debtor's bankruptcy proceeding is hereby DISMISSED with prejudice. Furthermore, it is ordered that further bankruptcy filings by Debtor within a period of one hundred eighty (180) days of December 14, 1999 will not prevent the Moving Party from proceed-

---

1. This Memorandum constitutes the findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052.

2. Transcript from April 17, 2001, at pp. 4–5. The last five filings were docketed as Nos. 92–12202, 96–11434, 97–15431, 98–32849, 99–33138.

3. In the debtor's most recent prior bankruptcy (Docket No. 99–33138), the Residence was listed on Schedule A as a "rental property", valued at $45,000, against which there was a secured claim of $45,000. GE Capital's claim was listed in that bankruptcy on Schedule D in the amount of $45,000 as *undisputed* (Exhibit M–2).

4. Although identified on Schedule C (property claimed as exempt), no figure for "value of claimed exemption" appears where the Residence is listed. It is not apparent to me how any part of the value of the Residence is exempt, given the non-avoidable mortgage of GE Capital. *See* 11 U.S.C. § 522(f).

ing with its State Court remedies regarding the premises 5621[sic] N. Marshall Street, Philadelphia, PA 19120. The stay provided by Bankruptcy Rule 4001(a)(3) has been waived.

The debtor responds first, that the current chapter 13 case, having been filed on March 2, 2001, does not violate that order, since this filing was more than 180 days after December 14, 1999. GE Capital explains (through argument of counsel) that the beginning date (December 14, 1999) for the 180–day period is obviously a typographical error and that that date in the January 4, 2001 Order should have been December 14, *2000;* otherwise, that part of the Order makes no sense. The debtor was unable to shed any light on this disagreement, testifying only that she relied upon prior counsel in agreeing to the Order. Second, the debtor asks that, even if GE Capital is correct about when the 180–day period should begin to run, this Court should reconsider the Order, since, now, circumstances have changed and the Debtor, through her new plan, can address adequately the interests of GE Capital and repayment of the mortgage.

The terms of the January 4, 2001 Order are not dispositive of the Motion, because, first, the 180–day period is not a bar to *filing* another bankruptcy; rather, it is the time during which a subsequent filing would not stay GE Capital from pursuit of its state law remedies. That time period,

in any event, has now passed. Second, the January 4, 2001 Order dismisses the 1999 case "with prejudice." If the purpose of that dismissal "with prejudice" was to preclude forever any refiling, I will not enforce it under these circumstances. If "with prejudice" was supposed to preclude a subsequent filing for 180 days, the language of the Order does not effect this.[5]

■■■ While the debtor has made some effort to make payments under her proposed plans, I conclude that, upon review of all of the evidence, the debtor has failed to meet her burden of demonstrating good faith. *In re Lilley,* 91 F.3d 491, 496 (3d Cir.1996). (". . . the good faith of chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the circumstances. . . .").[6] The evidence demonstrates conclusively that this bankruptcy filing was made for the exclusive purpose of delaying or preventing the debtor's only creditor, GE Capital, from exercising its mortgage rights under state law. In addition, the debtor has not demonstrated a sufficient change in circumstances since her 1999 bankruptcy was dismissed, *In re Krebs, supra,* (citations omitted); neither has she demonstrated that she can propose a confirmable plan or fund it. Finally, despite her dispute with the amount of GE Capital's claim, it appears that the debtor has no equity in the Residence.

---

5. It is not my practice to dismiss cases "with prejudice," without defining what "with prejudice" means, for example, by specifying a time period during which a forbidden act (refiling) is prohibited (a so-called "bar order") or providing that a refiling will not stay a particular creditor action, like mortgage foreclosure (so-called *in rem* relief).

6. As the moving party, GE Capital has an initial evidentiary burden of production to place the debtor's good faith at issue. *See In re Krebs,* No. 01–12942F, Slip op. at 8 (Bankr.

E.D.Pa. April 27, 2001), *citing In re Kim,* 71 B.R. 1011 (Bankr.C.D.Cal.1987). GE Capital has met this burden. While the record offers even more, that this is the sixth bankruptcy filing by the debtor is alone sufficient to satisfy the creditor's initial burden of production.

The ultimate burden to demonstrate that the chapter 13 case was filed in good faith is borne by the debtor. *In re Krebs, supra,* relying upon *In re SGL Carbon Corp.,* 200 F.3d 154, 162 n. 10 (3d Cir.1999) and *In re Tamecki,* 229 F.3d 205, 207 (3d Cir.2000).

The record made also leads me to conclude that the debtor and GE Capital intended in the 1999 bankruptcy to afford GE Capital a period of time to enforce its state law rights, notwithstanding the existence of any bankruptcy proceeding. This intent was frustrated by the intervention of the present bankruptcy. I will take this into account in fashioning the relief to be afforded GE Capital upon dismissal of this chapter 13 proceeding. An appropriate order follows.

## ORDER DISMISSING CASE

**AND NOW,** this 22nd day of June, 2001, upon consideration of the Motion of GE Capital Mortgage Services, Inc. to Dismiss, the Debtor's opposition thereto and for the reasons given in the accompanying Memorandum, it is hereby

**ORDERED** that:

1. The above-captioned chapter 13 proceeding is **DISMISSED;**

2. No subsequent bankruptcy filing by the Debtor shall stay the pursuit by GE Capital Mortgage Services, Inc. of its remedies under applicable law as such remedies relate to 5261 N. Marshall Street, Philadelphia, PA 19120; and

3. Any stay imposed by Fed. R.Bankr.P. 4001(a)(3) is not applicable; this Order may be enforced immediately.