**In re John Thomas MCGOVERN, Debtor.**

**No. 01–34694–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

Aug. 14, 2002.

See also 278 B.R. 888.

Robin Weiner, Fort Lauderdale, FL, Chapter 13 Trustee.

Thomas L. Abrams, Fort Lauderdale, FL, for Charles Grapski.

James E. Copeland, Palm Beach Gardens, FL, for John McGovern.

### ORDER CONFIRMING THIRD AMENDED CHAPTER 13 PLAN

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on July 25, 2002, at the confirmation hearing on the debtor's Third Amended Chapter 13 Plan. At the commencement of the hearing, the chapter 13 trustee, through counsel, advised the Court that the Third Amended Chapter 13 Plan ("Plan") was consistent with the Court's May 24th, 2002 Order Sustaining Objection to Confirmation of Chapter 13 Plan by Creditor Charles Grapski and Denying Motion to Dismiss Chapter 13 Case ("May 24th Order"). Furthermore, the chapter 13 trustee offered that the Plan fully complied with the provisions of 11 U.S.C. § 1325(a), and recommended confirmation of the Plan. Charles Grapski ("Grapski"), the debtor's largest creditor, objected to confirmation of the Plan (C.P.60). The Court, having carefully considered the Plan and the objection thereto, together with argument of counsel presented at the confirmation hearing, **confirms** the debtor's Third Amended Chapter 13 Plan.

■ At the commencement of the July 25 confirmation hearing, the only issue of substance raised by Grapski in opposing confirmation of the Plan was that the Plan failed to comply with the "good faith" requirement under 11 U.S.C. § 1325(a)(3). Section 1325 provides that the court shall confirm a chapter 13 plan if:

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

The gravamen of Grapski's objection to confirmation, as reiterated at the July 25th hearing, is that debtor's Plan cannot be confirmed, because it has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3). More specifically, because the liability owed by McGovern to

Grapski arose from McGovern's false representations that Grapski had been involved with, or implicated in, the commission of child molestation, McGovern under no circumstances could propose a chapter 13 plan that could be deemed as proposed in good faith, at least unless the chapter 13 plan were to propose payment of the debt due to Grapski in full over its term.

Such an interpretation of § 1325(a)(3) conflicts with the plain meaning of 11 U.S.C. §§ 523(a)(6) and 1328(a)(2). Under § 523(a)(6), a debt incurred as a result of willful and malicious injury inflicted upon a person or that person's property is not dischargeable in a chapter 7 case. Under § 1328(a)(2), a chapter 13 debtor who completes all payments under a confirmed chapter 13 plan shall be granted a discharge of all debts provided for by the plan except for:

- debts relating to the curing of a default under the plan;
- debts to a former spouse or child for alimony or child support;
- debts incurred as a result of a student loan; or
- debts incurred as a result of a death or personal injury caused by a debtor while operating an automobile in an intoxicated state.

As observed by the Third Circuit in the case of *In re Lilley*, 91 F.3d 491 (3d Cir. 1996), "... [t]he language of this provision clearly indicates that the exceptions it contains are exclusive—that is, that the courts are not to broaden the list of non-dischargeable debts in a Chapter 13 reorganization beyond those enumerated in section 1328(a)". *Id.* at 495. If Congress had intended to exclude a debt incurred as a result of willful and malicious injury from the effect of a chapter 13 discharge, as it did with regard to other specifically-delineated debts under § 1328(a), it could have done so. As noted in the case of *In re*

*March,* 83 B.R. 270 (Bankr.E.D.Pa.1988), in evaluating the debtor's good faith in filing a chapter 13 petition, the court's only inquiry is to determine whether the debtor seeks to abuse the bankruptcy law by employing it for a purpose for which it was not intended.

▮ Among the various grounds asserted by Grapski in opposing confirmation, Grapski asserts that the debtor should be required to pay a larger amount upon the claims of creditors by making monthly payments under the Plan for a full sixty months, as is permitted under 11 U.S.C. § 1322(d), rather for only fifty-one months, as proposed. The Court declines the invitation by Grapski to revisit its May 24th, 2002 Order, wherein the Court determined that the debtor would be required to make payments totaling at least $50,847.84, plus the net amount of the two bonuses received by the debtor post-petition. By virtue of the May 24th Order, and the July 10, 2002 Order Clarifying Order Sustaining Objection to Confirmation of Chapter 13 Plan, the debtor is required to pay a minimum of $60,464.25 under an amended plan. The debtor's Third Amended Chapter 13 Plan proposes to pay a total of $61,495.50 of the debtor's future disposable income, thus satisfying the requirements as to the minimum amount to be paid under the debtor's plan. Such a provision is in compliance with 11 U.S.C. § 1325(b)(1)(B), which delineates that if the holder of an allowed unsecured claim objects to confirmation of a plan, then the court may not approve the plan unless, as of the effective date of the plan, the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan. While Grapski would like for the debtor to pay a larger aggregate

amount under the Plan, the debtor is not required to do so. The Plan, as proposed, satisfies all requisites under 11 U.S.C. § 1325(a). Accordingly, it is

**ORDERED** as follows:

1. The debtor's Plan complies with the provisions of 11 U.S.C. § 1325 and is, therefore, confirmed in accordance with its terms.

2. Any claim entitled to priority under 11 U.S.C. § 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. § 1322(a)(2).

3. The debtor's monthly payments due to the Trustee under the Plan are required to have commenced effective November 4, 2001.

4. Pursuant to 11 U.S.C. § 554(a) and Local Rule 6007–1(B)(2), the Trustee abandons any real or personal property of the debtor which is not included in the Plan and in which a creditor holds a security interest. The abandonment shall be deemed approved without necessity of a hearing or order if no objection to the abandonment is filed and served upon the debtor and the Trustee within 10 days after the entry of this order. The party filing the objection shall comply with the provisions of Local Rule 9073–1(C) in scheduling a hearing on the objection.

5. Any executory contract or unexpired lease of the debtor which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Plan confirmed by this order, is deemed rejected upon entry of this order.

6. If the debtor fails to timely make any plan payment to the Trustee, the Trustee may serve a Notice of Delinquency upon the debtor and the debtor's attorney. The debtor shall have 45 days from the date of the Notice of Delinquency to make all payments due under the Plan, including any payments that become due within the 45–day period. If the debtor seeks to cure the delinquency in a modified plan, he must file a motion to modify the confirmed plan within 15 days of the date of the Notice of Delinquency. If the debtor is not current in his plan payments on the 45th day after the date of the Notice of Delinquency, the Trustee shall file and serve a report of non-compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the debtor's filing any new bankruptcy case for a period of 180 days from entry of the order of dismissal. The Court will not extend these deadlines absent extraordinary circumstances.