**In re Richard LeGREE, Debtor.**

**No. 01–17946.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 21, 2002.

Eugene Joseph Malady, Paul P. Padien, Media, PA, for Debtor.

## MEMORANDUM[1]

KEVIN J. CAREY, Bankruptcy Judge.

Before me is the "Motion to Dismiss Debtor Richard Legree's Chapter 13 Bankruptcy Petition With Prejudice, to Impose a 2–Year Prospective Bar, and For Sanctions" (the "Motion"), filed on August, 21, 2001 by Valley Township (the "Movant"). The Motion is opposed by the debtor, Richard Legree (the "Debtor"). A hearing was held on November 6, 2001 (the "Hearing"), at which the Debtor testified and the parties' counsel argued their respective positions. For the reasons which follow, the Motion will be granted, in part.

## BACKGROUND

■ Between 1983 and 2001, the Debtor filed between 10 and 11 chapter 13 bankruptcy cases and one chapter 7 case, none of which have been completed.[2] On November 27, 1999, the Debtor filed his 10th or 11th chapter 13 petition, Case No. 99–32199 (the "Prior Case"). He then voluntarily dismissed that chapter 13 case on May 17, 2001.[3] In the Prior Case, the

---

1. This Memorandum constitutes the findings of fact and conclusions of law required by Fed. R. Bankr.P. 7052. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (L).

2. The Movant alleges the Debtor filed 10 bankruptcy petitions prior to the current one. Indeed, certified copies of eleven dockets (including the docket for the current chapter 13

case) were introduced at the Hearing as A–1 through A–11. The chapter 13 trustee stated, however, that there were 12 previous filings. (Tr. at 3). Whether there were 10 or 12 previous bankruptcy filings is not material in these circumstances; that there were at least 10 previous filings is of substantial relevance.

3. Bankruptcy Code section 1307(b) grants to the debtor an absolute right to dismiss a chapter 13 case. *See also* Fed.R.Bankr.P. 1017(f)(2), 9013 and L.B.R. 1017–2(a).

Debtor's chapter 13 plan was confirmed and the Debtor made payments of $9,450.00 to the chapter 13 trustee. The Movant was not included as a creditor in that prior filing.

On May 30, 2001, thirteen days after the dismissal of the Prior Case, the Debtor filed this current chapter 13 case (the "Pending Case") and included the Movant as an unsecured nonpriority creditor. The Debtor's amended chapter 13 plan provides for monthly payments of $1,585 for 60 months. The plan includes payments of approximately $27,500 to priority creditors and $65,900 to secured creditors. Any residual payments thereafter would be distributed to the unsecured creditors on a pro rata basis. Schedule F for the Pending Case lists a disputed claim of $71,000 owed to the Movant. This claim arose from the Movant's assertion that the Debtor defrauded the Movant in receiving disability benefits while the Debtor was an employee of the Movant.

All the Debtor's previous filings were involuntarily dismissed pursuant to the chapter 13 trustee's motion to dismiss or for failing to file the required documents, with the exception of the Prior Case, which the Debtor voluntarily dismissed. In the Pending Case, the chapter 13 trustee supports the Motion.[4]

## DISCUSSION

A chapter 13 petition filed in bad faith can be dismissed for cause pursuant to 11 U.S.C. § 1307(c). *In re Lilley*, 91 F.3d 491, 496 (3d Cir.1996); *In re Love*, 957 F.2d 1350, 1357 (7th Cir.1992); *In re Dami*, 172 B.R. 6, 10 (Bankr.E.D.Pa.1994). A creditor who challenges the debtor's filing bears the initial burden to put the debtor's good faith into dispute. The creditor can satisfy this initial burden by dem-

onstrating a debtor's history of serial filings. The burden of persuasion then shifts to the debtor, who must offer evidence showing that the bankruptcy process is not being misused. *See In re Barr*, 263 B.R. 496, 498 n. 6 (Bankr.E.D.Pa. 2001). In the current case, the Debtor has filed at least 10 prior petitions for bankruptcy. The Movant's initial burden here is thus fulfilled, and the ultimate burden shifts to the Debtor to prove good faith.

Good faith in chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the circumstances. *Lilley*, 91 F.3d at 496; *Barr*, 263 B.R. at 498. The good faith inquiry is a fact intensive determination left to the discretion of the bankruptcy court. *Lilley*, 91 F.3d at 496 (quoting *Love*, 957 F.2d at 1355). Factors to consider include, but are not limited to: the nature of the debt, the timing of the petition, how the debt arose, the debtor's motive in filing the petition, the effect on creditors, the debtor's treatment of creditors pre- and post-petition, and whether the debtor has been forthcoming with the bankruptcy court. *Id.* (quoting *Love*, 957 F.2d at 1357).

Serial filings should also be weighed in considering the totality of circumstances. A history of serial filings and dismissals can be evidence of bad faith. *Lucabaugh v. I.R.S.*, 2001 WL 997416, at *3 (E.D.Pa.2001); *Dami*, 172 B.R. at 10. A debtor's pre-petition conduct and "the frequency with which the debtor has sought previous bankruptcy relief" are elements in the debtor's total circumstances. *Society National Bank v. Barrett (In re Barrett)*, 964 F.2d 588, 592 (6th Cir.1992); *In re Kitchens*, 702 F.2d 885, 889 (11th Cir.1983).

---

**4.** Tr. at 2–3.

A non-exhaustive list of factors to consider when multiple filings are involved includes the following:

(1) the length of time between the prior cases and the present one;

(2) whether the successive cases were filed to obtain favorable treatment afforded by the automatic stay;

(3) the effort made to comply with prior case plans;

(4) the fact that Congress intended the debtor to achieve its goals in a single case; and

(5) any other facts the court finds relevant relating to the debtor's purposes in making successive filings.

*Dami*, 172 B.R. at 10 n. 5 (quoting *Oglesby*, 158 B.R. at 607). Case law in this jurisdiction suggests three other relevant factors to consider in determining the good faith of a debtor with a history of serial filings: (1) Was there a material change in the debtor's circumstances since the previous filing that warrants a fresh start? *See In re Oglesby*, 158 B.R. 602, 606 (E.D.Pa. 1993); *Dami*, 172 B.R. at 10; (2) Can the debtor show a confirmable and feasible chapter 13 plan? *See Barr*, 263 B.R. at 498; and (3) Does the debtor's history of past filings reflect an intent to abuse the bankruptcy process through a strategy of successive filings without any real reorganization effort? *See Lucabaugh*, 2001 WL 997416, at *3; *Oglesby*, 158 B.R. at 606; *Dami*, 172 B.R. at 10.

The Debtor argues that his "good faith" efforts in the Pending Case should outweigh his prepetition conduct, including the multitude of previous bankruptcy filings. Only 13 days passed between voluntary dismissal of the Prior Case and filing of the Pending Case. The Debtor admitted that the purpose of the dismissal and refiling was to add the Movant (who was not listed as a creditor in the Prior Case) as an unsecured nonpriority creditor in the Pending Case.[5] He argues that he will be able to present a confirmable and feasible plan in the Pending Case. He noted that he has filed the required documents and made his required payments to the chapter 13 trustee in the Pending Case. He testified that he currently earns enough income to keep current with his plan payments.

However, the Debtor's previous filings cannot be ignored in evaluating the totality of the circumstances. The Debtor made at least ten prior filings between 1983 and 2001, *none* of which were completed, and *all* of which were dismissed for reasons that tend to show that the Debtor made no realistic effort to reorganize or that he ceased such an effort, as in the Prior Case, when this tactic suited his strategy. *See In re Herrera*, 194 B.R. 178, 187 (Bankr. N.D.Ill.1996)("It is, however, a misuse of the bankruptcy process to file one case, then, failing to achieve the intended goals, to file a second case.") At the Hearing, the Debtor's counsel agreed that the Debtor's filing history was an "abomination" and that "all of those bankruptcies were done for one purpose and one purpose only ... [to frustrate] the efforts of the secured creditor to exercise their state remedies." (Tr. at 50–52). I reject Debtor's counsel's

---

**5.** Tr. at pp. 17–18; Debtor's Answer to the Motion, ¶ 8. The source of the debt owed to the Movant comes from the Movant's claim of fraud against the Debtor. Because the Movant's claim is based on allegations of the Debtor's fraud, the Debtor's refiling to include the Movant's claim raises the issue of whether the Debtor is seeking a chapter 13 "superdischarge" to discharge a claim that would be nondischargeable in a chapter 7 filing. *See* 11 U.S.C. § 523(a)(2) and § 1328(a). In evaluating good faith under § 1307(c), other courts have considered whether the debtor is seeking a "superdischarge." *See, e.g., Love*, 957 F.2d at 1357. However, the Third Circuit specifically rejected this factor in a § 1307(c) analysis. *Lilley*, 91 F.3d at 496 n. 2.

suggestion that the Debtor's abusive filing history should be given only slight consideration. (*Id.* at 56–57). That the purpose of the prior filings was to frustrate a creditor *other than* the Movant, is not material under circumstances in which the Debtor, by virtue of such prior filings, has demonstrated his repeated willingness to abuse the system.[6]

The precise weight given to a debtor's pre-petition conduct, including a history of serial bad faith filings, is within the bankruptcy court's discretionary power in making a determination of good faith, as long as the court sufficiently considers the prior conduct under the totality of circumstances test. *Barrett*, 964 F.2d at 592. Given the Debtor's "impressive" filing history, I am compelled to give substantial weight to the sheer number of admittedly bad faith filings. I decline, under these circumstances, to accept the Debtor's theory that the Debtor's "good conduct" in the present case washes away his ill-motivated behavior in his prior filings.

■ Furthermore, the Debtor has not demonstrated any material change in circumstances between his filings that could justify providing him with a fresh start despite his abusive filing history. The kind of "changed circumstances" to justify a successive filing should be positive changes reflecting on the debtor's ability to successfully reorganize under chapter 13. *In re Huerta*, 137 B.R. 356, 368 (Bankr.C.D.Cal.1992). The Pending Case, instead, shows an increase in the Debtor's liabilities, due to the Movant's claim, unpaid real estate taxes, inherited obligations, and other "unknown" increases in

his debt to his mortgagee, Banker's Trust Company.

The Debtor asserts that he has experienced an increase in income between the Prior Case and the Pending Case from two sources. First, the Statement of Financial Affairs filed in the Pending Case includes income earned by the Debtor from his employment with the Laborers District Council, a job he has held since 1998. The Debtor failed to list this source of income in the Prior Case, although he was earning at least $40,000 from the laborers' union at the time. (Tr. at 29–30). Second, the Debtor attributes an increase in income from his other job as a Pennsylvania State Constable. Yet, the Debtor also stated that, although his constable income increased since the previous filing, the income varies depending on the number of arrests he makes in a given period. (*Id.* at 40–41). The varying nature of the constable income does not constitute a sufficient, material change for the purposes of this matter, since it could very well decrease as well as increase. In sum, the Debtor fails to demonstrate any meaningful change in the circumstances between the Prior Case and the Pending Case.

The Debtor has not met his burden of proving good faith in filing yet another chapter 13 bankruptcy case. To the contrary, the fact that he has been making payments to the chapter 13 trustee in the Pending Case does not overcome the abuse shown by his ten prior serial filings and his failure to demonstrate a change in circumstances that would justify allowing him a fresh start.

■ The Movant has also asked that the Debtor be prohibited from refiling a

---

**6.** This concept is analogous to that which applies in challenges to actual fraudulent transfers: it is not necessary to demonstrate that the challenged transfer was made to thwart the creditor raising the challenge; rather, it must be shown only that the challenged transfer was made to thwart *any* creditor. *See In re Blatstein*, 192 F.3d 88, 97–98 (3d Cir.1999).

bankruptcy case for two years. *See Lucabaugh,* 2001 WL 997416, at *4 (dismissing the debtor's fourth bankruptcy case with prejudice and prohibiting further bankruptcy filings for a period of 180 days). "Indeed, in all circuits but the Tenth, bankruptcy courts and district courts invariably derive from § 105(a) or § 349(a) of the Code ... the power to sanction bad faith serial filers ... by prohibiting further bankruptcy filings for longer periods than the 180 days specified by § 109(g)." *In re Casse,* 198 F.3d 327, 337–338 (2d Cir.1999). The Movant has not articulated a sufficient reason for an absolute, two-year bar. Under these circumstances, I conclude that, in light of the number of previous filings, the Debtor should be precluded from refiling for a period of one year and, thereafter, only with the Court's permission. This result strikes an appropriate balance and impinges on the Debtor's ability to file for only a limited period of time, while providing a "screening" method for the future.

██ The Movant also requested that the court impose sanctions in the sum of $3,000 pursuant to Bankruptcy Rule 9011(c). Rule 9011(c)(1)(A) states, in relevant part, that, "A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b)." Therefore, if the Movant wishes Fed.R.Bankr.P. 9011 relief, it must file a separate motion.

For the foregoing reasons, the Motion will be granted, in part. An appropriate order follows.

### ORDER

**AND NOW,** this 21st day of August, 2002, upon consideration of the "Motion to Dismiss Debtor Richard Legree's Chapter 13 Bankruptcy Petition With Prejudice, to Impose a 2 Year Prospective Bar, and For Sanctions" (the "Motion") filed on August, 21, 2001 by Valley Township, and for the reasons contained in the accompanying Memorandum, it is hereby **ORDERED** and **DECREED** that:

1. The Motion is **GRANTED,** in part, as follows:

 (A) The Debtor's above-captioned chapter 13 bankruptcy case, No. 01–17946 is **DISMISSED;**

 (B) The Debtor is **PROHIBITED** from seeking any relief under any chapter of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* for a period of one (1) year from the date hereof; and thereafter, only upon motion to this Court under the above-captioned docket number, and after at hearing to consider such motion, at which the Debtor shall bear the burden of demonstrating his good faith in seeking such relief.

2. Movant's request to impose monetary sanctions is **DENIED,** without prejudice.