**IN RE: Louise Ann THOMPSON,**
**Debtor.**

**Bankruptcy No. 16-22818-JAD**

United States Bankruptcy Court,
W.D. Pennsylvania.

Signed October 4, 2016

Louise Ann Thompson, Avalon, PA, pro se

## MEMORANDUM OPINION

JEFFERY A. DELLER, Chief U.S. Bankruptcy Judge

Presently before the Court is the Debtor's third request to extend time to complete her bankruptcy petition. For the reasons below, the Court will deny the re-

quest and dismiss the case with prejudice and a 180 day bar on future filings.

## I.

The Debtor by letter dated September 14, 2016 sought to extend the time to complete her bankruptcy filing and anticipated completion by September 19, 2016. See Doc. No. 18. The Debtor asserted that the senior agency that she met with for assistance was not able to help her and the person helping her type forms experienced computer issues. The Court finds these various excuses to be unacceptable.

This is the third motion to extend time that the Debtor has filed in this case. The previous two motions were granted and the Debtor has already received in excess of thirty additional days to complete the petition from the date of filing. Moreover, the Order of Court granting the Debtor an extension until September 14, 2016 stated that "[n]o further extensions will be granted." See Doc. No. 16. Despite this, the Debtor proceeded to request an extension until September 19, 2016. To date, the Debtor has yet to submit any filings to complete her petition as required by Fed. R.Bankr.P. 1007.

Not only is this the third request for an extension in this case, the Court notes that this is the *eleventh* bankruptcy case filed by this Debtor. The first two cases were chapter 7 cases in which the Debtor received a discharge. The remaining cases have all been chapter 13 cases and each of those cases has been dismissed for varying reasons. Two were dismissed for failure to make payments (see Case Nos. 11–20639–JKF, 12–20221–JKF), four were dismissed for failure to file information (see Case Nos. 10–27619–JKF, 12–25449–JKF, 13–20047–JKF, 14–24037–JAD), one was dismissed with prejudice after confirmation was denied (see Case No. 13–23269–JAD) and one was dismissed for failure to appear at the Section 341 meeting. (see Case No. 15–23272–JAD). In two of those cases, the Debtor was permitted to pay the filing fee in installments but did not make any payments.

As has been the history of this Debtor in previous cases, she has failed to file the necessary information to complete her petition despite being granted several requests for extensions. In addition, the Debtor has not paid the filing fee to date despite the grant of her request to pay in installments.

## II.

Bankruptcy Code § 1307 provides for the dismissal of a case for reasons including unreasonable delay by the debtor that is prejudicial to creditors (11 U.S.C. § 1307)(c)(1)); nonpayment of any fees required under chapter 123 of title 28 (11 U.S.C. § 1307(c)(2)); failure to file a plan timely (11 U.S.C. § 1307(c)(3)); failure to commence making timely payments (11 U.S.C. § 1307 (c)(4)). See also 11 U.S.C. § 349(a) (dismissal of a case for cause bars the discharge of debts that can be discharged); 11 U.S.C. § 109(g)(allowing for a 180 day bar on filing for an individual whose case has been dismissed for willful failure to abide by orders of the court). The Debtor's serial filings combined with her consistent failure to comply with the basic requirements of the Code and Rules despite being given ample opportunity to do so warrants dismissal of her case with prejudice with a 180 day bar on any future filings. See e.g., In re LeGree, 285 B.R. 615 (Bankr.E.D.Pa.2002). Moreover, in this Court's Order of Court dated August 24, 2016 it was stated that if the paperwork was not timely filed, this case would be dismissed with prejudice with a 180 day bar on future filings without further notice or hearing. See Doc. No. 16.

## III.

For the reasons above, an order will be entered that denies the request for addi-

tional time, dismisses this case with prejudice and with a 180 day bar on any future filings.

## ORDER OF COURT

**AND NOW**, this 4th day of **October, 2016**, for the reasons expressed in the Memorandum Opinion issued this date, it is hereby **ORDERED** that the request for extension of time is denied and this case is dismissed with prejudice with a 180 day bar on any future filings.

It Is Further **ORDERED** that the Debtor remains legally liable for all of her debts as if the bankruptcy petition had not been filed.

It Is Further **ORDERED** that creditor collection remedies are reinstated pursuant to 11 U.S.C. § 349 and creditors are directed to 11 U.S.C. § 108(c) for the time limits on filing a lawsuit to collect; generally a credit's lawsuit must be filed by the later of (1) the time deadline prescribed by state law, or (2) thirty days after date of this Order.