**In re Harry R. JAVENS, Debtor,**

**Harry R. Javens, Appellant,**

v.

**David Ruskin, Appellee.**

No. 00–2374.

United States Court of Appeals,
Sixth Circuit.

Nov. 9, 2001.

Before MARTIN, Chief Judge;
BATCHELDER, Circuit Judge; and
SARGUS, District Judge.*

Debtor, Harry R. Javens, a Michigan resident proceeding pro se, appeals a district court order denying his motion to reconsider an order affirming the decision of the bankruptcy court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

On August 13, 1999, the bankruptcy court entered an order dismissing the debtor's Chapter 13 case with an eighteen month bar to future filings. The district court affirmed the decision of the bankruptcy court in an opinion and order entered August 25, 2000. A motion for an extension of time to file a motion for reconsideration was filed on September 11, 2000, and the district court granted an extension until September 25, 2000. The motion for reconsideration was filed on September 25, 2000. Citing to local rule 7.1(g), the district court denied the motion for reconsideration and noted that Javens merely iterated arguments that had been previously considered and addressed. The order was filed October 4, 2000, and entered October 5, 2000. Javens filed a notice of appeal from the decision and the order denying reconsideration on November 6, 2000.

■ Initially, we note that a panel of this court held that Javens's appeal was jurisdictionally defective with regard to the underlying judgment of dismissal and that the appeal would be treated as having been taken from the order which denied Parker's motion for reconsideration, construed as being filed pursuant to Fed. R.Civ.P. 60(b). *See Javens v. Ruskin*, No. 00–2374 (6th Cir. Feb. 6, 2001) (unpublished order). Such an appeal does not bring the underlying judgment up for review. *Browder v. Dir. Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). Thus, the arguments raised in Parker's appellate brief as they relate to the underlying judgment will not be reviewed.

■ This court reviews a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Thompson v. Am.* *Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir.1996). Abuse of discretion is "a definite and firm conviction that the trial court committed a clear error of judgment." *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir.1990) (internal quotation marks omitted). A court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

■ Upon review, we conclude that the district court did not abuse its discretion by dismissing Javens's motion to reconsider. Subsection (3) of local rule 7.1(g) states that the court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Fed.R.Civ.P. 60(b) provides for relief in extraordinary circumstances. *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir.1986). The rule is not a means by which a party dissatisfied with a judgment may obtain a rehearing of his case.

Because Javens merely sought to relitigate his case, the district court properly denied his Rule 60(b) motion. Subsection (b)(6) of Rule 60 is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990). Not only were no exceptional circumstances present in this case, but the arguments presented in Javens's Rule 60(b) motion have been repeatedly rejected by the district court and the bankruptcy court. A Rule 60(b) motion must be denied if, as here, it is merely an attempt to relitigate the case. *See Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.