**In re Ann M. PRICE, Debtor.**

No. 03–15379.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 20, 2004.

Alexander Jurczenko, Cleveland, OH, for Debtor.

Phyllis A. Ulrich, Carlisle, McNellie, Rini, Kramer & Ulrich, Cleveland, OH, for Creditor, Bank of America, N.A.

### *MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

The matters presently before the Court are the Debtor's Motion For Volun-

tary Dismissal and Release of Income and Bank of America, N.A.'s Motion To Dismiss with Sanctions. The dispositive issue is whether a bankruptcy court is empowered to dismiss a case beyond the 180 day bar imposed by 11 U.S.C. § 109(g), if the Court finds that the debtor has abused the bankruptcy process. It is found herein that the Debtor's filing is an abuse of the bankruptcy process and that the Court has inherent power to fashion an equitable remedy to address such abuse. Core jurisdiction of this matter is acquired under provisions of 28 U.S.C. § 157(b)(2)(A), 28 U.S.C. § 1334, and General Order No. 84 of this district. Upon a duly noticed hearing and an examination of the parties' pleadings, the following factual findings and conclusions of law are herein made:

\*     \*     \*     \*     \*     \*

The Debtor filed the instant Chapter 13 case on April 28, 2003. In this case, Bank of America, N.A. ("Bank of America") is a secured creditor of the Debtor. The loan between Bank of America and the Debtor is secured by the personal residence of the Debtor. Bank of America filed a Motion To Dismiss Pursuant to 11 U.S.C. Section 1307 and for In Rem Relief Pursuant to 11 U.S.C. Section 349(a) and Section 105 Or In The Alternative For 109(g) Sanctions ("Motion to Dismiss"). The Debtor filed an objection to this motion. Bank of America subsequently filed a supplemental brief and a trial brief in support of its motion. In its Motion to Dismiss, Bank of America alleged that the Debtor filed her bankruptcy in bad faith and for the sole purpose of delaying Bank of America from liquidating its security for the debt owed by the Debtor and her husband. Bank of America's Motion To Dismiss, Paragraph 4. Together, the Debtor and her husband have filed six Chapter 13 bankruptcy cases since 1997.

The first of these Chapter 13 bankruptcy cases, Case No. 97–18327, was filed on December 1, 1997, by the Debtor's husband, Charles Price. This filing prevented a sheriff's sale that was to take place on December 1, 1997. That case was dismissed, without confirmation, for a failure to prosecute the case. The second Chapter 13, Case No. 98–17533, was filed by the Debtor's husband on October 5, 1998. This filing prevented a sheriff's sale that was set to take place on the same day. This case was also dismissed without confirmation. The third Chapter 13, Case No. 99–13756, filed by the Debtor's husband on May 17, 1999, stopped a sheriff's sale set for the same day. This case was dismissed prior to confirmation for lack of a feasible plan. This third case was dismissed with 11 U.S.C. § 109(g) sanctions in the form of a 180 day bar to refiling. On January 3, 2000, the Debtor filed the couple's fourth Chapter 13 bankruptcy case, Case No. 00–10018. Like the previous filings of her husband, this case prevented a sheriff's sale that was set to go forward on January 3, 2000. The Debtor's plan was confirmed, however, it was later dismissed for a lack of funding. A 180 day filing bar was imposed on the Debtor pursuant to an agreed order. Subsequently, a fifth bankruptcy case, Case No. 02–12974, was filed by the Debtor's husband on March 25, 2002. This filing prevented a sheriff's sale that was to take place on March 25, 2002. The case was dismissed upon a motion of Bank of America with a 180 day filing bar. The present case, the sixth filed by the Debtor or her husband, prevented a sheriff's sale that was set for April 28, 2003.

An evidentiary hearing on Bank of America's Motion to Dismiss and Debtor's objection to the same was scheduled for December 4, 2003. Prior to the start of the evidentiary hearing, the Debtor informed the Court that she had filed a

Motion for Voluntary Dismissal. After this representation was made, the Court determined that the Debtor was entitled to dismiss her bankruptcy proceeding in accordance with § 1307(b). Further, this Court concluded that the motion to voluntarily dismiss mooted the need for an evidentiary hearing on Bank of America's Motion to Dismiss. Counsel for Bank of America orally renewed its request that the dismissal of the Debtor's case be with sanctions. It was agreed by the parties, that the 180 day filing bar imposed by § 109(g)(2) would apply to the Debtor because the Debtor moved to voluntarily dismiss after Bank of America requested relief from the automatic stay provided by § 362 of the Bankruptcy Code. Bank of America, however, requested sanctions in addition to the 180 days filing bar, noting that it took longer than six months to complete a sheriff's sale in Cuyahoga County and that the Debtor and her non-debtor spouse were repetitive filers who had previously evaded sheriff's sales despite an imposition of a 180 day filing bar. The Debtor argued that the Court could not impose a greater sanction than the one Congress had explicitly given in § 109(g). At the hearing, the Court found that the conduct of the Debtor and her husband over the past six years was nothing less than an abuse of the bankruptcy process and that Congress did not intend for the Bankruptcy Code to be abused by multiple filings. Therefore, it was determined that the Debtor's motion to voluntarily dismiss would be granted, and that the Debtor would be sanctioned with a 360 day filing bar.

\*    \*    \*    \*    \*    \*

The Court must determine whether sanctions can be imposed upon a debtor who seeks voluntary dismissal of a case where abuse is found by the Court. If so, whether sanctions addressed under § 109(g) are limiting. The authority to do so is found in both the Code and applicable case law.

■   Section 109(g) of the Bankruptcy Code was "added to the Bankruptcy Code in 1984 to address the precise abuse of the bankruptcy system at issue here—the filing of meritless petitions in rapid succession to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions as a means of avoiding foreclosure under a mortgage or other security interest." *In re Tomlin,* 105 F.3d 933, 937 (4th Cir.1997). However, the bankruptcy court has the power to sanction a debtor beyond the 180 day filing bar provided for in § 109(g) when there are circumstances that cannot be addressed by § 109(g). *Javens v. Ruskin,* No. 99–74189, 2000 WL 1279189, at \*2 (E.D.Mich. Aug.24, 2000) *aff'd In re Javens,* 23 Fed.Appx. 456 (6th Cir.2001)(unreported). Section 349(a) provides the bankruptcy courts with the power to sanction debtors for cause in circumstances that are not addressed by § 109(g). *Tomlin, supra* at 938. In *Javens,* the court opined that, "In all circuits but the Tenth, 'the bankruptcy courts invariably derive from ... the Code ... the power to sanction bad-faith serial filers ... by prohibiting further bankruptcy filings for longer periods of time than the 180 days specified by § 109(g).'" *Javens, supra* at \*2, (citing *In re Casse,* 198 F.3d 327, 337–38 (2d Cir.1999)). *See also, Tomlin, supra* at 933.

In *Javens,* the district court affirmed the bankruptcy court's order dismissing the debtor's Chapter 13 case with an eighteen month bar to future filings. Therein, the bankruptcy court found that the debtor had engaged in inappropriate conduct including serial filings and subsequent dismissals for failure to properly file bankruptcy pleadings pursuant to 11 U.S.C. § 521; abuse of the bankruptcy system

and lack of good faith; actions causing prejudice to creditors; manipulation of the process to avoid payment to creditors; and meticulously timed filings in order to prevent the payment of county taxes. *Javens, supra* at *2.

The 360 day filing bar imposed on the Debtor by this Court in its bench ruling on December 4, 2003 is appropriate under these circumstances. The Debtor and her husband are repetitive filers who have been manipulating the bankruptcy process since 1997 in order to prevent the sale of their home. Clearly, their tag-team approach to obtaining bankruptcy relief is not countenanced by either the letter or the spirit of the Bankruptcy Code. Additionally, the previous 180 day bars imposed on the Debtor and her husband have been ineffective in curtailing their filings that have worked to prevent sheriff's sales. The conduct of the Debtor and her spouse and their abuse of the bankruptcy system is not adequately addressed by the sanctions imposed by § 109(g). Therefore, the 360 day filing bar is appropriate to stop the Debtor and her spouse's tactics.

■■■ In order to further protect the bankruptcy process from abuse by the Debtor and her husband, sanctions in the form of *in rem* relief will also be imposed under the power given the Court in 11 U.S.C. § 105(a). Orders that grant *in rem* relief are grounded in the bankruptcy court's jurisdiction over a *res* which is property of the estate. *In re Roeben,* 294 B.R. 840, 846 (Bankr.E.D.Ark.2003); *In re Graham,* No. 98–11990DWS, 1998 WL 473051, at *1 (Bankr.E.D.Penn. Aug. 3, 1998). *In rem* orders are used in response to serial filers that are seeking to prevent foreclosure proceedings. *Roeben, supra* at 847. *In rem* relief is used in serial filing situations because it will not be affected by subsequent bankruptcy filings by the debtor or third party transferees. *Id.* Further,

these orders do not require that the property co-owners or transferees be subject to the court's jurisdiction. *Id.* (finding that the debtor's spouse, who acted in concert with debtor to abuse the Bankruptcy Code's automatic stay provisions, had constructive notice of the bankruptcy proceeding, and so it would not violate his due process rights for the court to grant creditor's request for an in rem order providing that filing of future bankruptcy petitions would not extend the protection of the automatic stay to the parcel of real property owned by the debtor and spouse, for period of six months from date of the order.) *See also, In re Yimam,* 214 B.R. 463, 466 (Bankr.D.Md.1997)(finding that under § 105(a) the bankruptcy court has the power to issue an *in rem* order binding a nonparty spouse and providing that the automatic stay would not extend to the residence under future bankruptcy filings after a total of seven filings by the debtor and spouse). *Contra, In re Snow,* 201 B.R. 968, 976 (Bankr.C.D.Cal.1996)(requiring summons and complaint to be served on non-debtor co-owners); *In re Chappelle,* No. 99–02287, 2000 WL 33529765, at *2 (Bankr.D.D.C.2000)(stating that an adversary proceeding is necessary to accomplish an in rem order, except with respect to the debtor's interest). However, *in rem* relief is viewed to be an extraordinary form of relief and has only been granted where "an ordinary relief from stay order will not be effective as demonstrated by the prior history of the parties and the property." *Graham, supra* at *2. *See also, Roeben, supra* at 847. In order to appropriately grant *in rem* relief, the record must clearly demonstrate an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral. *Id.*

An examination of the filing history of the Debtor and the Debtor's husband demonstrates that a 180 day filing bar has not been effective in stopping them from filing bankruptcy cases in order to prevent a sheriff's sale. The Debtor and her husband have filed tag-team bankruptcies in order to avoid Bank of America's legitimate efforts to recover their collateral. These multiple filings are evidence of bad faith and evidence of the fact that the Debtor and her husband are abusing the bankruptcy process. *See, e.g., In re Caldwell,* 851 F.2d 852, 859 (6th Cir.1988). The Debtor has failed to provide any evidence that her circumstances or those of her husband have changed in the time between their multiple filings. The Debtor in this case, as well as in previous cases, has advised this Court that the property at issue is in the process of being refinanced. (Hearing, December 4, 2003). The Debtor has failed to provide any evidence on this assertion. Under the totality of the circumstances the Court considers (1) the six bankruptcy petitions that have been filed in the past six years; (2) the strategic timing of the filings to prevent sheriff sales; (3) the lack of evidence of changed circumstances between filings; and (4) the inability of the Debtor or her spouse to present a confirmable plan or fund the single plan that was confirmed.

In light of these factors, it becomes apparent that the Debtor and her husband are not trying to obtain the fresh start that the Bankruptcy Code affords, but are instead attempting to frustrate the efforts of Bank of America to foreclose on the property. It is undisputed that the debt owed to Bank of America is the result of an arm's length transaction. (Hearing, December 4, 2003). It is also undisputed that the Debtor and her spouse have continued to live in their home even though they have not made a payment to Bank of America since June of 2000. The pre-petition arrearage owed to Bank of America is over $40,000. It is not the intent of the Bankruptcy Code, in such instances, to allow debtors to avoid payment to secured creditors or to prevent the secured creditors from recovering their collateral.

\*   \*   \*   \*   \*   \*

Accordingly, the Debtor's Motion For Voluntary Dismissal and Release of Income is granted with the following sanctions:

(1) The Debtor is barred from filing another bankruptcy petition for three hundred and sixty (360) days from the date of this order.

(2) The filing of a future bankruptcy petition by any individual or entity will *not* extend the protection of the automatic stay of 11 U.S.C. § 362(a) to the property located at 796 Edgewood, Richmond Heights, OH 44143 for a period of three hundred and sixty (360) days from the date of this order.

Further, the Debtor's income is hereby released from the Court's order upon Debtor and the Court surrenders jurisdiction of the future earnings of the Debtor. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

### *JUDGMENT*

At Cleveland, in said District, on this 20th day of January, 2004.

A Memorandum Of Opinion And Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtor's Motion For Voluntary Dismissal and Release of Income is granted with the following sanctions imposed:

(1) The Debtor is barred from filing another bankruptcy petition for three hun-

dred and sixty (360) days from the date of this order.

(2) The filing of a future bankruptcy petition by any individual or entity will *not* extend the protection of the automatic of 11 U.S.C. § 362(a) to the property located at 796 Edgewood, Richmond Heights, OH 44143 for a period of three hundred and sixty (360) days.

Further, the Debtor's income is hereby released from the Court's order upon Debtor and the Court surrenders jurisdiction of the future earnings of the Debtor. Each party is to bear its respective costs.

IT IS SO ORDERED.