*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1©.*

**File Name: 12b0006n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: SANTANA CLINE, | ) | |
| | ) | No. 11-8075 |
| Debtor. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio
Case No. 11-54893

Decided and Filed: June 1, 2012

Before: EMERSON, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

ON BRIEF: Noah M. Schottenstein, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., MaryAnne Wilsbacher, UNITED STATES DEPARTMENT OF JUSTICE, Columbus, Ohio, for Appellee. Santana Cline, Dublin, Ohio, pro se.

_____

**OPINION**
_____

ARTHUR I. HARRIS, Bankruptcy Appellate Panel Judge. Chapter 13 debtor, Santana Cline ("Debtor"), appeals the order of the bankruptcy court finding Debtor in contempt of court, granting default judgment in favor of the United States Trustee ("U.S. Trustee") on the U.S. Trustee's motion

to dismiss, and imposing a two-year filing bar. For the reasons that follow, the order of the bankruptcy court is AFFIRMED.

## I. ISSUES ON APPEAL

The issues presented by this appeal are whether the bankruptcy court abused its discretion in finding Debtor in contempt of court, granting default judgment in favor of the U.S. Trustee on the U.S. Trustee's motion to dismiss, and imposing a two-year filing bar.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6) and (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order granting a motion to dismiss is a final, appealable order.

A trial court's order granting default judgment for failure to cooperate in discovery is reviewable for abuse of discretion. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citing *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)).

> A bankruptcy court abuses its discretion when it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. The findings of a bankruptcy court which support dismissal of the bankruptcy case are factual determinations which are reviewed under the clearly erroneous standard.

*Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 944 (6th Cir. 2007) (internal citations and quotation marks omitted).

The bankruptcy court's legal conclusions, including whether the bankruptcy court had authority to bar Debtor from refiling for two years, are reviewed *de novo. Cusano v. Klein* (*In re*

*Cusano*), 431 B.R. 726, 730 (B.A.P. 6th Cir. 2010) (citing *Marshall v. McCarty* (*In re Marshall*), 407 B.R. 359, 362 (B.A.P. 8th Cir. 2009)). " 'De novo means that the appellate court determines the law independently of the trial court's determination.' " *Cusano*, 431 B.R. at 730 (quoting *Treinish v. Norwest Bank Minn., N.A.* (*In re Periandri*), 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001)). The bankruptcy court's decision to bar Debtor from subsequent filings for two years and to provide prospective relief from the automatic stay is also reviewed under the abuse of discretion standard. *Cusano*, 431 B.R. at 730 (citing *Marshall*, 407 B.R. at 362).

### III.   FACTS

This is Debtor's fourth bankruptcy case since April 17, 2008.  Throughout the pendency of her four cases, Debtor has continued to live in her personal residence, appraised on September 21, 2010, at $450,000, without making any mortgage payments.  On April 19, 2008, Debtor initiated her first bankruptcy case, case no. 08-53519, by filing for relief under Chapter 13, and on July 9, 2008, the bankruptcy court dismissed the case for cause pursuant to 11 U.S.C. § 1307(c).  On October 30, 2008, Debtor initiated her second bankruptcy case, case no. 08-60588, by filing for relief under Chapter 7.  Debtor's Schedule A in her second bankruptcy case indicated a fee simple interest in real property located at 8243 Chippenham Drive, Dublin, Ohio 43016, and valued the property at $650,800 with $541,359 of secured debt.  On February 17, 2009, the bankruptcy court granted Debtor a discharge in her Chapter 7 case.  On July 7, 2010, Debtor initiated her third bankruptcy proceeding, case no. 10-58115, by filing for relief under Chapter 13, and on January 10, 2011, the bankruptcy court dismissed the case for cause pursuant to 11 U.S.C. § 1307(c).  In the bankruptcy court's order denying Debtor's motion to reinstate her third bankruptcy case, the bankruptcy court stated that "the Court must doubt Debtor's good faith and intention to diligently prosecute this case."

On May 5, 2011, Debtor initiated her fourth bankruptcy case by filing *pro se* a petition for relief under Chapter 13.  Just like in Debtor's second bankruptcy case, Debtor's Schedule A indicated a fee simple interest in real property located at 8243 Chippenham Drive, Dublin, Ohio 43016; however, this time Debtor valued the property at $450,000 with $0 of secured debt.  During the pendency of her case, Debtor filed four Chapter 13 plans, all of which received objections to confirmation by either the Chapter 13 trustee, a party in interest, or both.  On September 9, 2011, the U.S. Trustee moved to dismiss Debtor's case with prejudice and for cause under 11 U.S.C. §§ 349(a)

and 1307(c) and Rule 1017 of the Federal Rules of Bankruptcy Procedure. On September 21, 2011, the bankruptcy court held a pretrial hearing on the U.S. Trustee's motion to dismiss and Debtor's response. At the hearing, the bankruptcy court set a trial date and timetable for discovery, to which Debtor did not object.

On September 26, 2011, the U.S. Trustee filed a notice of deposition of Debtor, scheduling the deposition for October 28, 2011, and requesting that Debtor produce various documents. Also on September 26, 2011, Debtor filed a motion to dismiss the U.S. Trustee's motion to dismiss. On October 12, 2011, the bankruptcy court denied Debtor's motion. Five days later, Debtor filed a motion for reconsideration, which the bankruptcy court also denied. On October 24, 2011, Debtor filed a motion titled "Motion to Quash Deposition," which the bankruptcy court interpreted as a motion for a protective order ("motion for a protective order"). On October 26, 2011, Debtor moved for leave to appeal the bankruptcy court's order denying Debtor's motion for reconsideration and for a stay pending appeal.

Also on October 26, 2011, the bankruptcy court held a hearing on Debtor's motion for a protective order and the U.S. Trustee's objection, at which both Debtor and counsel for the U.S. Trustee appeared. At the hearing, Debtor argued that the mortgage documentation requested by the U.S. Trustee was not relevant because, according to Debtor, the U.S. Trustee's motion to dismiss was based on 11 U.S.C. § 1307(c)(1), which requires prejudice to creditors, and there was not any prejudice to creditors in this case because the mortgage claims were improper. In response to Debtor's argument, the bankruptcy court explained that "[counsel for the U.S. Trustee] has filed a motion based on numerous grounds, not just prejudice to creditors: good faith, serial filing, failure to properly prosecute the current case." The bankruptcy court further explained that the "list of things that the Court can consider in connection with a good faith argument goes on and on and on. It's not merely about mortgages, not merely about the plan, not merely about what you're doing in this particular case, not merely about how many cases you've filed."

With regard to the scheduled deposition, the bankruptcy court advised Debtor, "[Y]ou are expected to appear and in fact are compelled to attend. If you do not attend, then [counsel for the U.S. Trustee] will file some sort of motion and I will favorably consider dismissal of this case. Do you understand?" To which Debtor replied, "Yes." In addition, the bankruptcy court informed

Debtor that she was required to provide the U.S. Trustee copies of documents that she contemplated submitting as exhibits or, again, the bankruptcy court would favorably consider a motion by the U.S. Trustee concerning any failure to provide the documents.

On October 28, 2011, Debtor failed to appear at the scheduled deposition, and on November 1, 2011, the U.S. Trustee filed a motion requesting sanctions and an order requiring Debtor to appear and show cause why she should not be held in contempt of court for failing to comply with the bankruptcy court's prior order. The U.S. Trustee's notice of the motion provided 21 days for a response; however, on November 2, 2011, the U.S. Trustee filed a motion to shorten the response time to three days and a motion for an expedited hearing on the matter so that the bankruptcy court could consider the matter prior to the trial on the U.S. Trustee's motion to dismiss, scheduled for November 14, 2011. On November 2, 2011, the bankruptcy court granted the motion to shorten time and the motion for an expedited hearing and ordered Debtor to appear on November 7, 2011, and show cause why she should not be held in contempt.

According to the Clerk's Certification of Service, notice of the show cause order was served upon Debtor "[b]y FedEx on November 3, 2011, with completion of delivery to Debtor's residence of record on November 4, 2011. Delivery was fully executed and evidenced by the attached FedEx confirmation documentation." The attached FedEx documentation stated that the priority envelope was "delivered" and left at the front door of the recipient's address.

On November 7, 2011, the bankruptcy court held a hearing on its order requiring Debtor to appear and show cause why she should not be held in contempt. Debtor did not appear. On November 8, 2011, the U.S. Trustee filed an affidavit attesting that Debtor failed to provide the U.S. Trustee copies of the documents listed on Debtor's Exhibit List, as required by the bankruptcy court's order. Also on November 8, 2011, the bankruptcy court issued an order finding Debtor in contempt of court for disregarding its order to appear for the deposition scheduled for October 28, 2011, and for disregarding a separate order to appear at the hearing on November 7, 2011. The bankruptcy court granted the U.S. Trustee's motion to dismiss with prejudice and imposed a two-year filing bar. On November 10, 2011, Debtor timely filed a notice of appeal. On January 4, 2012, the Panel dismissed Debtor's motion for leave to file an interlocutory appeal as moot because Debtor's current appeal from the bankruptcy court's order entered on November

8, 2011, draws into question the bankruptcy court's order that would have been challenged by the interlocutory appeal.

## IV.   DISCUSSION

Debtor makes several arguments on appeal as to how the bankruptcy court abused its discretion when it found Debtor in contempt of court and granted default judgment in favor of the U.S. Trustee on the U.S. Trustee's motion to dismiss.  First, Debtor alleges that the bankruptcy court improperly dismissed her case based on perceived prejudice to nonparties and noncreditors.  Second, Debtor argues that she did not receive notice of the bankruptcy court's order requiring her to appear on November 7, 2011, and show cause why she should not be held in contempt.  Third, Debtor contends that the bankruptcy court lacked subject matter jurisdiction to enter judgment on the U.S. Trustee's motion to dismiss.  In addition, Debtor alleges that the bankruptcy judge was biased and should have recused herself.

A.   *The bankruptcy court did not abuse its discretion in entering default judgment in favor of the U.S. Trustee on the U.S. Trustee's motion to dismiss.*

On November 8, 2011, as a sanction for Debtor disobeying a discovery order requiring her to appear at a scheduled deposition, the bankruptcy court entered an order granting default judgment in favor of the U.S. Trustee on the U.S. Trustee's motion to dismiss for cause under 11 U.S.C. § 1307(c).  "A [trial] court may sanction parties who fail to comply with discovery orders in a  variety of ways, including dismissal of their lawsuit or entry of default judgment against them." *Bank One of Cleveland*, 916 F.2d at 1073.  Federal Rule of Civil Procedure 37(b), made applicable to contested matters in bankruptcy cases by Federal Rules of Bankruptcy Procedure 7037 and 9014, provides in pertinent part:

> (2) *Sanctions in the District Where the Action Is Pending.*
>
> (A) *For Not Obeying a Discovery Order*.  If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> . . . .

(vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A)(vi). "Simply put, if a party has the ability to comply with a discovery order and does not, dismissal or . . . entry of default, is not an abuse of discretion." *Bank One of Cleveland*, 916 F.2d at 1073 (quoting *Regional Refuse Sys.*, 842 F.2d at 154).

"Just as dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault, so, too, is entry of default judgment." *Bank One of Cleveland*, 916 F.2d at 1073 (internal citation and quotation marks omitted). The Sixth Circuit has articulated four factors for determining whether an entry of default judgment under Rule 37 is appropriate: "(1) whether the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered." *Stamtec, Inc. v. Anson*, 195 Fed. App'x 473, 479 (6th Cir. 2006) (citing *Regional Refuse Sys.*, 842 F.2d at 155).

In this case, the record adequately establishes that Debtor's failure to attend the deposition scheduled for October 28, 2011, was the result of willfulness, bad faith, and fault. Debtor's actions suggest that she did not desire or intend to appear at the scheduled deposition. First, Debtor attempted to have the bankruptcy court dismiss the U.S. Trustee's motion to dismiss. Second, Debtor filed a motion for a protective order one day after the bankruptcy court denied Debtor's motion to reconsider the bankruptcy court's order denying Debtor's motion to dismiss the U.S. Trustee's motion to dismiss. And third, on October 26, 2011, Debtor moved for leave to appeal the bankruptcy court's order denying Debtor's motion to reconsider and for a stay pending appeal.

Further, at the hearing on October 26, 2011, regarding Debtor's motion for a protective order, Debtor unsuccessfully argued that her motion should be granted because she did not agree to the date of the deposition and because the documents requested were not necessary to prove the U.S. Trustee's case. The bankruptcy court pointed out that Debtor had an entire month to prepare for the deposition and make herself available. After the bankruptcy court stated that it had observed that

Debtor was utilizing every means that she could to delay counsel for the U.S. Trustee in the proper prosecution of her duties, the bankruptcy court informed Debtor that she was expected to, and in fact, was compelled to attend the deposition. When asked if Debtor understood, Debtor responded "yes." Hence, Debtor had actual knowledge that the bankruptcy court had compelled her to attend the deposition scheduled for October 28, 2011, and still she did not attend, attempt to reschedule, or even provide any excuses for disobeying the bankruptcy court's order. Therefore, the record establishes that Debtor's failure to attend the deposition was the result of willfulness, bad faith, and fault.

With regard to the second factor, the U.S. Trustee was prejudiced by Debtor's failure to cooperate in discovery. The U.S. Trustee's motion attempted to establish that Debtor's case should be dismissed under 11 U.S.C. § 1307(c) for cause, including lack of good faith, and Debtor's deposition would have been an important part of the U.S. Trustee's efforts in building its case. Hence, the U.S. Trustee was prejudiced by Debtor's failure to attend the scheduled deposition.

With regard to the third factor, the bankruptcy court warned Debtor at the October 26, 2011, hearing that if she did not attend the scheduled deposition, then counsel for the U.S. Trustee would file some sort of motion and the bankruptcy court would favorably consider dismissal of the case. Therefore, Debtor was aware that failure to cooperate could lead to the bankruptcy court granting the U.S. Trustee's motion and dismissing Debtor's case.

With regard to the fourth factor, the record reveals that the bankruptcy court considered less drastic sanctions before granting the U.S. Trustee's motion and dismissing Debtor's case. Upon learning that Debtor had disobeyed the bankruptcy court's order to appear at the deposition, the bankruptcy court set the matter for a hearing on November 7, 2011, so that Debtor could show cause why she should not be held in contempt of court. After Debtor failed to appear at the hearing and after Debtor failed to deliver documents to the U.S. Trustee as required by the bankruptcy court's scheduling order, the bankruptcy court still explained that "[d]ismissal of a case is a harsh sanction to be imposed only in extreme circumstances," and that "[t]he Court sees no alternative but to dismiss this case." Accordingly, the bankruptcy court's entry of default judgment in favor of the U.S. Trustee on the U.S. Trustee's motion to dismiss was not an abuse of discretion.

B.      *Debtor received due process in the form of proper notice of the bankruptcy court's order requiring Debtor to appear on November 7, 2011.*

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950) (citations omitted).  Debtor argues that she did not receive due process because she did not receive notice of the bankruptcy court's order requiring her to appear and show cause; however, the record shows that on November 4, 2011, Debtor received notice, delivered by FedEx, of the bankruptcy court's order requiring her to appear on November 7, 2011.

The FedEx documentation states that the priority envelope was "delivered" and left at the front door of the recipient's address.  Contrary to Debtor's argument, delivery by FedEx is comparable to service by mail under Federal Rule of Civil Procedure 5(b)(2)(C), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014(b).  Such notice was reasonably calculated, under the circumstances, to apprise Debtor of the hearing set for November 7, 2011, and afford her an opportunity to show cause why she should not be held in contempt. Further, Debtor has not proffered any explanation or mitigating circumstances that, had she attended the hearing on November 7, 2011, might have been presented in defense of her failure to appear at the scheduled deposition and to provide the U.S. Trustee with copies of the requested documents.

C.      *The bankruptcy court had proper subject matter jurisdiction to grant the U.S. Trustee's motion to dismiss Debtor's case for cause under 11 U.S.C. § 1307(c).*

Debtor contends that the bankruptcy court lacked subject matter jurisdiction to grant the U.S. Trustee's motion to dismiss, based in part on 11 U.S.C. § 1307(c)(1), because, as Debtor alleges, there were no proper creditors in her case to be prejudiced.  However, Debtor is mistaken as to the applicable law.  The jurisdiction of federal district courts in bankruptcy matters is described by statute in 28 U.S.C. § 1334, which provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

> (b) . . . [T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(a) and (b). If a district court has bankruptcy jurisdiction over a case, 28 U.S.C. § 157(a) allows the district court to refer the case to the bankruptcy court. Pursuant to 28 U.S.C. § 157(a) and Local General Order No. 05-02, the United States District Court for the Southern District of Ohio has referred all cases under Title 11 of the United States Code, and all actions, matters or proceedings arising under Title 11 of the United States Code to the bankruptcy court. The U.S. Trustee's motion to dismiss Debtor's case for cause under 11 U.S.C. § 1307(c) is an action arising under Title 11; therefore, the bankruptcy court had proper subject matter jurisdiction to enter default judgment in favor of the U.S. Trustee on the U.S. Trustee's motion to dismiss.

D.    *The bankruptcy court did not abuse its discretion by imposing a two-year filing bar on Debtor.*

A court must be careful when considering whether to impose sanctions. "When a court metes out a sanction, it must exercise such power with restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 2132-33, 115 L.ED.2d 27 (1991). The sanction levied must thus be commensurate with the egregiousness of the conduct." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 478 (6th Cir. 1996). "Section 109(g) of the Bankruptcy Code was 'added to the Bankruptcy Code in 1984 to address the precise abuse of the bankruptcy system at issue here—the filing of meritless petitions in rapid succession to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions as a means of avoiding foreclosure under a mortgage or other security interest.' " *In re Price*, 304 B.R. 769, 772 (Bankr. N.D. Ohio 2004) (quoting *In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997)). Section 349 provides, in pertinent part:

> (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a). Section 109(g) provides, in pertinent part:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case[.]

11 U.S.C. § 109(g)(1). In *Cusano v. Klein* (*In re Cusano*), 431 B.R. 726 (B.A.P. 6th Cir. 2010), the Panel considered the bankruptcy court's authority to impose a filing bar beyond 180 days, and reasoned that:

> Section 109(g) is not, however, a limitation on the bankruptcy court's authority to impose sanctions fashioned to prevent abuse of the bankruptcy system. Where there is sufficient cause, bankruptcy courts have the authority pursuant to 11 U.S.C. §§ 105(a) and 349(a) to prohibit bankruptcy filings in excess of 180 days. . . .

*Cusano*, 431 B.R. at 737 (citations omitted); s*ee also* 11 U.S.C. § 362(b)(21) (excepting from the automatic stay any act to enforce a security interest in real property if the debtor is ineligible under § 109(g) *or* if the case was filed in violation of a prior court order prohibiting the debtor from filing another case). The addition of this provision in 2005 indicates that courts are not limited to § 109(g) when it comes to imposing filing bars on debtors. In *Cusano*, the Panel concluded:

> The record before us demonstrates sufficient cause to prohibit this Debtor from refiling for Chapter 13 protection for two years. The Debtor filed three Chapter 13 petitions in three years, all in response to actions taken by the Appellees in the California litigation in their efforts to collect on their judgment.

*Cusano*, 431 B.R. at 737.

Like the record in *Cusano*, the record in this case also demonstrates sufficient cause to prohibit Debtor from refiling for bankruptcy for two years. At the hearing on November 7, 2011, the bankruptcy court explained its reasoning, in part, for dismissing Debtor's case and imposing the two-year filing bar:

> This case is the debtor's fourth case in three years and her third Chapter 13 case. The previous two Chapter 13 cases . . . were unsuccessful and the Chapter 13 trustee has objected to the

> confirmation to the debtor's plan proposed in the instant case. The debtor filed an adversary proceeding against entities allegedly holding mortgages on her home but a state court has already entered final judgment in favor of those entities, foreclosing their mortgages. . . .
>
> Furthermore, at least one of the previous bankruptcy proceedings was filed on the eve of a foreclosure sale. The debtor has not made payments in approximately five years and to utilize the words of the United States Trustee's counsel, the debtor has systematically thwarted mortgage holders' efforts to pursue their non bankruptcy remedies as to their collateral.

Accordingly, the Panel finds that the bankruptcy court did not abuse its discretion in barring Debtor from filing another bankruptcy case for two years.

E.     *The Panel will not consider Debtor's argument, raised for the first time on appeal, that the bankruptcy judge was biased and should have recused herself.*

Debtor alleges that the bankruptcy judge was biased and did not act impartially throughout the case, and argues that the bankruptcy judge should have recused herself pursuant to 28 U.S.C. § 455(a). However, Debtor raises this issue for the first time on appeal. The Sixth Circuit has held that, in general, issues not presented to the trial court but raised for the first time on appeal are not properly before the appellate court. *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002); *see also Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 143 (6th Cir. 1997) ("It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice."). As there is no reason in this case for departing from this well-settled policy, the Panel declines to consider Debtor's argument that the bankruptcy judge failed to recuse herself, which is raised for the first time on appeal. This is especially true given (1) the absence of any reason why Debtor did not raise this issue before the bankruptcy court, and (2) the lack of any claim of bias based on extrajudicial conduct as opposed to opinions formed based upon Debtor's own conduct during the course of her bankruptcy proceedings, other than the assertion that the bankruptcy judge had at some time been active in the American Bankers Association. *See Liteky v. United States*, 510 U.S. 540, 550-56, 114 S. Ct. 1147, 1154-57

(1994) (disqualification under 28 U.S.C. § 455 must be predicated upon extrajudicial conduct rather than on judicial conduct).

## V. CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.